# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

J & J Sports Productions, Inc.,

                Plaintiff,

v.

Moises Cortes, individually and d/b/a Casa Vieja, and John Does I-V,

                Defendants.

Civ. No. 10-1952 (RHK/JJK)

**ORDER**

---

J & J Sports Productions, Inc.,

                Plaintiff,

v.

Martha Alicia Reynoso and Luis Alberto Rojas, individually and d/b/a La Perla Del Pacifico, La Perla Del Pacifico, Inc. d/b/a La Perla Del Pacifico, and John Does I-V,

                Defendants.

Civ. No. 10-2772 (RHK/JJK)

**ORDER**

---

J & J Sports Productions, Inc.,

                Plaintiff,

v.

Moises Cortes, individually and d/b/a Casa Vieja, and John Does I-V,

                Defendants.

Civ. No. 10-4802 (RHK/JJK)

**ORDER**

In these actions, Plaintiff J&J Sports Productions, Inc. ("J&J") alleges that Defendants intercepted the broadcast signal to certain pay-per-view boxing matches to which it held exclusive rights, in violation of 47 U.S.C. § 605(a).[1]  Presently before the Court are J&J's Motions for Entry of Default Judgments against (1) Defendant Moises Cortes, individually and d/b/a Casa Vieja ("Cortes"), in Civ. Nos. 10-1952 and 10-4802, and (2) Defendants Martha Alicia Reynoso and Luis Alberto Rojas, individually and d/b/a La Perla Del Pacifico, and La Perla Del Pacifico, Inc. d/b/a La Perla Del Pacifico (the "Perla Defendants"), in Civ. No. 10-2772.

The record in each of these cases indicates that Defendants, except certain individuals sued as John Does,[2] were duly served with process but failed to answer or otherwise defend.  As a result, each Defendant is in default and, accordingly, has admitted violating Section 605(a) willfully and for commercial advantage or private gain, as alleged in the Complaints.  See, e.g., Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (well-pleaded allegations in complaint deemed admitted on defendant's default).[3]  The Clerk of the Court has entered each Defendant's default in accordance with Federal Rule of Civil Procedure 55(a), and the Court held a hearing on the instant Motions on June 21, 2012, at which no Defendant

---

[1] The Complaints also assert claims under 47 U.S.C. § 553, but at oral argument J&J averred that it was not seeking damages under that statute.

[2] J&J has not identified any of the John Does and, as a result, dismissal of those unnamed defendants is appropriate at this time.  See Fed. R. Civ. P. 4(m); Cantrell v. Huckabee, 433 F. App'x 488, 490 (8th Cir. 2011) (*per curiam*).

[3] Indeed, the very nature of the claims asserted in these cases – theft of pay-per-view signals by commercial establishments that, in turn, displayed them to their patrons – suggests that the violations were both willful and for financial gain.

appeared. Based on these facts, and having carefully reviewed J&J's Motions, the Court concludes that entry of a default judgment against each Defendant is appropriate at this juncture. See Fed. R. Civ. P. 55(b).

What remain to be determined, therefore, are the judgments' appropriate amounts. Damages awarded under 47 U.S.C. § 605 comprise two parts. First is a compensatory component, under which an aggrieved plaintiff may elect to recover either (i) actual damages or (ii) statutory damages, the latter of which shall be "not less than $1,000 or more than $10,000." 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II). Second is a punitive component, also called "enhanced damages," pursuant to which the Court "in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000" if a violation "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." Id. § 605(e)(3)(C)(ii). In the instant cases, because it is undisputed each Defendant willfully violated Section 605 for private gain, J&J seeks the maximum damages permitted by statute: $110,000, comprising $10,000 in statutory damages and a $100,000 enhancement due to the willfulness of the violations. In the Court's view, such damages are excessive.

Civ. No. 10-1952. Statutory damages under the first prong of § 605(e)(3)(C) are primarily designed to remedy the harm the plaintiff suffered from the defendant's unlawful access to its signal. See, e.g., Time Warner Cable of N.Y.C. v. U.S. Cable T.V., Inc., 920 F. Supp. 321, 329 (E.D.N.Y. 1996). The evidence in this case shows, due to the size of Casa Vieja, that it would have cost Cortes $2,200 to obtain a license to lawfully

broadcast the boxing match in question. The Court believes this to be an appropriate amount of statutory damages.

As for the "enhanced damages" prong of § 605(e)(3)(C), such damages are intended to punish willful violations of the law and deter similar misconduct in the future. E.g., Kingvision Pay-Per-View, Ltd. v. Gutierrez, 544 F. Supp. 2d 1179, 1185 (D. Colo. 2008), adopted in relevant part, 2008 WL 583817 (D. Colo. Feb. 28, 2008). In determining the appropriate amount to be awarded, courts typically consider whether there have been "repeated violations over an extended period of time," whether the defendant advertised the event or charged a cover charge, the amount of the defendant's gain, and other similar factors. Id. (citation omitted); accord, e.g., J&J Sports Prods., Inc. v. Diaz, No. CV 11-02224, 2012 WL 1134904, at *2 (D. Ariz. Apr. 4, 2012). Generally speaking, courts award "anywhere from three to six times the statutory damages award for enhanced damages." J&J Sports Prods., Inc. v. Ribeiro, 562 F. Supp. 2d 498, 502 (S.D.N.Y. 2008).

Here, the record reflects that Cortes unlawfully accessed J&J's signal to the boxing match and displayed it to a crowd (comprising approximately 100 people) assembled under a large tent outside Casa Vieja. He advertised the event with the slogan "live boxing" and charged a cover fee. Under these circumstances, the Court determines that enhanced damages of $11,000 – five times the statutory damages of $2,200 – are appropriate.

Civ. No. 10-4802. This case also was brought against Cortes, but with respect to a different boxing match than the one discussed above (approximately one year later). For

the reasons already stated, the Court finds statutory damages of $2,200 to be appropriate. As for enhanced damages, the Court notes that this second violation rendered Cortes a repeat offender. However, the record does not show that he advertised the second match or charged a cover charge, as with the first match; there were fewer people in attendance; and the violation occurred approximately one year after the prior one. On these facts, the Court determines that enhanced damages of $8,800 – four times the statutory damages of $2,200 – are appropriate.

<u>Civ. No. 10-2772.</u>  With regard to the Perla Defendants, the evidence shows that it would have cost them $1,500 to obtain a license to broadcast the boxing match in question, which the Court finds to be an appropriate amount of statutory damages. However, there exists no evidence of advertising, a cover charge, or repeat offending, and accordingly the Court determines that enhanced damages of $4,500 (three times the statutory damages) are appropriate for their willful misconduct.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** as follows:

1. In Civ. No. 10-1952, (a) all John Doe Defendants **ARE DISMISSED WITHOUT PREJUDICE**; (b) J&J's Motion for Entry of Default Judgment (Doc. No. 16) is **GRANTED IN PART**; and (c) J&J shall recover of Defendant Moises Cortes, individually and d/b/a Casa Vieja, the sum of $13,200, comprising statutory damages of $2,200 and enhanced damages of $11,000, pursuant to 47 U.S.C. § 605(e);

2. In Civ. No. 10-4802, (a) all John Doe Defendants **ARE DISMISSED WITHOUT PREJUDICE**; (b) J&J's Motion for Entry of Default Judgment (Doc. No.

9) is **GRANTED IN PART**; and (c) J&J shall recover of Defendant Moises Cortes, individually and d/b/a Casa Vieja, the sum of $11,000, comprising statutory damages of $2,200 and enhanced damages of $8,800, pursuant to 47 U.S.C. § 605(e); and

3. In Civ. No. 10-2772, (a) all John Doe Defendants **ARE DISMISSED WITHOUT PREJUDICE**; (b) J&J's Motion for Entry of Default Judgment (Doc. No. 13) is **GRANTED IN PART**; and (c) J&J shall recover of Defendants Martha Alicia Reynoso and Luis Alberto Rojas, individually and d/b/a La Perla Del Pacifico, and Defendant La Perla Del Pacifico, Inc. d/b/a La Perla Del Pacifico, jointly and severally, the sum of $6,000, comprising statutory damages of $1,500 and enhanced damages of $4,500, pursuant to 47 U.S.C. § 605(e)

**LET JUDGMENT BE ENTERED ACCORDINGLY.**[4]

Dated: June 22, 2012         s/Richard H. Kyle
                             RICHARD H. KYLE
                             United States District Judge

---

[4] J&J has indicated that it will seek attorneys' fees and costs incurred in connection with these cases, which are recoverable under Section 605. 47 U.S.C. § 605(e)(3)(B)(iii). The Court will consider any such application once filed by J&J in accordance with Federal Rule of Civil Procedure 54(d) and Local Rule 54.3.